UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

MICHAEL PAUL SHELTON,

                          Plaintiff,

v.

MCLEOD COUNTY, MCLEOD
COUNTY JAIL, SHERIFF SCOTT
REHMANN, JOHN DOE, JANE DOES
#1–2, and VARIOUS UNKNOWN
CORRECTIONS OFFICERS,
DOCTORS, and NURSES,

                          Defendants.

Civil No. 16-466 (JRT/SER)

**MEMORANDUM OPINION
AND ORDER**

---

      Michael Paul Shelton, 8527 Woodlawn Drive, Apartment B101, Rockford, MN 55373, *pro se* plaintiff.

      Jason M. Hiveley and Andrew A. Wolf, **IVERSON REUVERS CONDON**, 9321 Ensign Avenue South, Bloomington, MN 55438, for defendants.

      Plaintiff Michael Shelton brought this 42 U.S.C. § 1983 action against McLeod County, McLeod County Jail, Sheriff Scott Rehmann, John Doe, Jane Doe Number 1, Jane Doe Number 2, and various unknown corrections officers, doctors, and nurses (collectively, "Defendants"). Shelton alleges that Defendants were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Presently before the Court is a report and recommendation ("R&R") issued by United States Magistrate Judge Steven E. Rau on Defendants' Motion for Dismissal and/or Summary Judgment. Because the Court concludes that Shelton has

failed to create a genuine dispute of material fact as to whether Defendants' conduct constituted deliberate indifference, the Court will overrule Shelton's objections, adopt the Magistrate Judge's R&R in part, and grant Defendants' motion.

**BACKGROUND**

Shelton was convicted of Driving While Intoxicated in December 2013 and incarcerated at the McLeod County Jail in February 2014. (Am. Compl. ¶ 14, June 21, 2016, Docket No. 7.) Shelton was initially released from jail later that same month. (*Id.* ¶ 28.) Due to several parole violations, he served an additional twenty-eight days in August 2014, fifteen days in October 2014, and seven days in December 2014. (*Id.*) Shelton alleges that Defendants violated his Eighth Amendment rights during all four periods of incarceration. (*Id.* ¶¶ 38-42.). Specifically, Shelton alleges that McLeod County jail staff refused to provide him with his prescribed dose of alprazolam, also known as Xanax,[1] despite Shelton's serious medical need. (*Id.* ¶ 41.)

**I.   FACTUAL BACKGROUND**

Shelton's exhibits show that he was prescribed Xanax on the following relevant dates in 2014: January 29 (120 pills), February 26 (90 pills), July 24 (120 pills), November 24 (120 pills), and December 24 (120 pills). (Pl.'s Exs. at 1-2, Apr. 9, 2018, Docket No. 52.) The exhibits do not show any prescriptions in August or October of 2014. (*See id.*)

---

[1] Alprazolam is the generic form of Xanax. (R&R at 2 n.2, May 1, 2018, Docket No. 53; Aff. of Jason M. Hiveley ("Hiveley Aff.") ¶ 3, Ex. 2 ("Shelton Dep.") at 11-12, Nov. 1, 2017, Docket No. 36-2.) The parties use the two names interchangeably. (*Id.*)

In his deposition, Shelton testified that he was generally prescribed 120 pills to be taken over 30 days. (Aff. of Jason M. Hiveley ("Hiveley Aff.") ¶ 3, Ex. 2 ("Shelton Dep.") at 28, Nov. 1, 2017, Docket No. 36-2.)

When Shelton arrived at the McLeod County Jail in February 2014, his blood alcohol level was 0.273. (Hiveley Aff. ¶ 5, Ex. 4 at 2, Nov. 1, 2017, Docket No. 36-4). During his incarceration in February 2014, the jail provided Shelton with step-down doses of Xanax in combination with other withdrawal medication. (Hiveley Aff. ¶ 11, Ex. 10 at 2-4, Nov. 1, 2017, Docket No. 36-10; Hiveley Aff. ¶ 13, Ex. 12 at 2-3, Nov. 1, 2017, Docket No. 36-12.) At a sentencing hearing on February 24, 2014, Shelton suffered a seizure. (Hiveley Aff. ¶ 14, Ex. 13 at 2, Nov. 1, 2017, Docket No. 36-13.) Doctors noted that possible causes of the seizure included "medication or dosage change and change in alcohol use" and that Shelton had "a history of multiple seizures, usually in response to withdrawal of alcohol or Xanax." (*Id.*) Medical records noted "Polysubstance dependence" as one of his medical diagnoses. (*Id.*; Hiveley Aff. ¶ 15, Ex. 14 at 2, Nov. 1, 2017, Docket No. 36-14.)

Prior to Shelton's incarceration in August 2014, Shelton attempted suicide by taking 140 Xanax pills and consuming alcohol. (Hiveley Aff. ¶ 20, Ex. 19 at 2-3, Nov. 1, 2017, Docket No. 36-19.) Shelton's initial assessment recorded his blood alcohol level as 0.1, and he reported using alcohol in conjunction with medication. (*Id.* at 2.) Shelton's doctors were concerned about his continued use of Xanax because it "causes dependence, and withdrawal seizures." (*See* Hiveley Aff. ¶ 21, Ex. 20 at 2, Nov. 1, 2017, Docket No. 36-20.) He was put on Chlorpromazine (Thorazine) instead, which he found "to be of some

benefit and tolerable" and agreed to take. (*Id.*; Hiveley Aff. ¶ 22, Ex. 21 at 2-5, Nov. 1, 2017, Docket No. 36-21.)

Shelton obtained a new prescription for Xanax on November 24, 2014. (Pl.'s Exs. at 2.) When he arrived at McLeod County Jail for his incarceration on December 18, 2014, no pills remained. (Hiveley Aff. ¶ 24, Ex. 23 at 2, Nov. 1, 2017, Docket No. 36-23.) He was not given Xanax during his December incarceration. (*Id.*)

Shelton no longer takes Xanax. (Shelton Dep. at 10-11.) When asked about his doctor's views on Xanax, Shelton said: "Well, no doctor wants you to take Xanax, period. . . . [E]very doctor I've met wanted to take me off of them." (*Id.* at 15.) He also acknowledged that "[m]ost doctors don't agree with treating [him] with Xanax" and that most doctors "don't want you to be on a benzodiazepine for any long period of time." (*Id.* at 72-73.) A chemical dependency summary completed in December 2015 expressed "significant concern" about "[Shelton's] admission of drinking alcohol in combination with his Xanax" and concluded that his "addictive behavior" needed to be addressed. (Hiveley Aff. ¶ 25, Ex. 24 at 2, Nov. 1, 2017, Docket No. 36-24.)

## II. PROCEDURAL BACKGROUND

Shelton filed this 42 U.S.C. § 1983 action on February 24, 2016. (Compl. at 1, Feb. 24, 2016, Docket No. 1.) He filed an amended complaint on June 21, 2016. (Am. Compl.) Defendants moved to dismiss and for summary judgement on November 1, 2017. (Defs.' Mot. to Dismiss and/or Summ. J., Nov. 1, 2017, Docket No. 33.) Shelton did not file a

response to Defendants' motion but instead submitted various medical expenses and prescription lists. (*See* Pl.'s Exs.)

The Magistrate Judge issued an R&R recommending that Shelton's claims against the unnamed Defendants be dismissed without prejudice because the unnamed Defendants were not properly served. (R&R at 7, 14, May 1, 2018, Docket No. 53.) The Magistrate Judge also recommended that summary judgment be granted for named Defendants. (*Id.* at 14.) No timely objections were filed; thus, the Court adopted the R&R on May 24, 2018. (Order Adopting R&R, May 24, 2018, Docket No. 54.) The next day, Shelton filed a letter to the Magistrate Judge, which the Court will construe as objections to the R&R. (Letter, May 25, 2018, Docket No. 55.) The Court stayed its order and now reviews Shelton's objections. (Order Staying Order Adopting R&R, May 31, 2018, Docket No. 57.)

**DISCUSSION**

**I.    STANDARD OF REVIEW**

Upon the filing of an R&R by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).

Shelton does not object to the R&R's finding that the unnamed Defendants were not properly served. Thus, the Court will adopt the R&R's findings on that issue and will dismiss the claims against the unnamed Defendants without prejudice.

Shelton's letter appears to object to the Magistrate Judge's recommendation that summary judgment be granted for the remaining Defendants; thus, the Court will review the related findings de novo.

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Gordon ex rel. Gordon v. Frank*, 454 F.3d 858, 861 (8th Cir. 2006). A fact is material if it might affect the outcome of the lawsuit, and a dispute is genuine if the evidence is such that it could lead a reasonable jury to return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). On a motion for summary judgment, the Court considers the facts in the light most favorable to the nonmoving party. *Gordon*, 454 F.3d at 861 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

## II. SHELTON'S OBJECTIONS

Much of Shelton's letter is an attack on the Magistrate Judge's character, calling him a "coward' and threatening to "soil[]" his name and "shame[]" him if the case is dismissed. (Letter at 1.) The Court does not address these unfounded allegations.

However, the Court finds several arguments in Shelton's letter that could be construed as objections: (1) there was no lapse in Shelton's prescription when he was jailed; (2) Shelton's seizures were severe and would have been avoided if Defendants had

given him Xanax; and (3) Shelton has evidence showing that Defendants are lying, which the Magistrate Judge did not listen to. (Letter at 1-3.) The Court will thus review de novo the Magistrate Judge's findings as it they relate to these objections.

### A. Serious Medical Need for Xanax

To prevail on his Eighth Amendment claim, Shelton must show "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To show deliberate indifference, Shelton must prove two components: one objective and one subjective. *See Gordon*, 454 F.3d at 862 (8th Cir. 2006). As to the objective component, Shelton must show that he had a "serious medical need." *See id.* at 862 (citing *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005)). As to the subjective component, Shelton must show that prison officials knew of his need but "deliberately disregarded it," which requires "a mental state akin to criminal recklessness." *Id*. (citing *Olson v. Bloomberg*, 339 F.3d 730, 736 (8th Cir. 2003)).

The Court construes Shelton's first two arguments – that his prescription never lapsed and that his seizures were severe and would have been avoided had he received Xanax – as objections to the Magistrate Judge's finding that there was no genuine dispute of material fact regarding the objective component of deliberate indifference. *See id.* at 862. "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011) (quoting *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). A valid prescription would

constitute evidence that Shelton's need for Xanax had been "diagnosed by a physician as requiring treatment," and the severity of Shelton's seizures may support a finding that his medical need was "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *See id*.

As to Shelton's first objection, there is no genuine dispute that Shelton did not have a prescription for Xanax during his October 2014 incarceration. Shelton's prescription records show no prescription for Xanax between the end of July 2014 and November 2014. However, it is less clear whether Shelton had a prescription for Xanax during his August 2014 incarceration. Shelton's exhibits show that he was prescribed 120 pills of Xanax – a 30-day supply – on July 24, 2014, which would suggest that he had a valid Xanax prescription during his August 2014 incarceration. Viewing the evidence in the light most favorable to Shelton, the Court concludes that there is a genuine issue of material fact as to whether Shelton had a prescription for Xanax during his August 2014 incarceration.

As to Shelton's second objection, the Court must decide whether there is a genuine issue of material fact as to whether Shelton's seizures could have been avoided if the jail provided him with Xanax. There is no dispute that Shelton's seizures were severe. During his July 30 medical exam, Shelton reported previously having Xanax withdrawal-related seizures. (*See* Hiveley Aff. ¶ 20, Ex. 19 at 4; Hiveley Aff. ¶ 14, Ex. 13 at 2, Nov. 1, 2017, Docket No. 36-13.) In fact, Shelton suffered one such seizure during a hearing in February 2014, and the treating physician's notes state that Shelton "has a history of multiple seizures, usually in response to withdrawal of alcohol or Xanax." (Hiveley Aff. ¶ 14, Ex. 13 at 2.) In documenting Shelton's medical history, the treating physician noted, "He has

been on a fairly high dose of Xanax for many years (2mg qid), and apparently medical authorities at the jail were trying to decrease that dose in the past few days since his arrest 2/21 for DWI." (*Id.*)

While the evidence also suggests that Shelton's seizures may have been caused by withdrawal of alcohol or Seroquel, the Court must view the facts in the light most favorable to Shelton. (Hively Aff. ¶ 14, Ex. 13 at 2; Shelton Dep. at 18, 73.) Evidence of Shelton's prescription and reported seizures caused by withdrawal from Xanax creates a genuine dispute of material fact as to whether he had a "serious medical need" for Xanax in February, August, and December 2014. To the extent that the R&R suggests otherwise, the Court does not adopt its findings.

Ultimately, however, Shelton has not created a genuine dispute of material fact as to the subjective component of deliberate indifference. To satisfy the subjective component, Shelton must show that prison officials knew of his need for Xanax but "deliberately disregarded it." *Gordon*, 454 F.3d at 862. The subjective component requires "a mental state akin to criminal recklessness." *Id.* (citing *Olson v. Bloomberg*, 339 F.3d 730, 736 (8th Cir. 2003)). Deliberate disregard requires "more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (quoting *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

Shelton does not expressly object to the Magistrate Judge's findings on this ground. Shelton does no more than disagree with the judgment of the doctors who treated him while he was incarcerated, and this disagreement does not rise to the level of a constitutional

violation. *See id.* He provides no evidence to support his argument that Defendants exercised "extremely poor judgment," (Letter at 1), or to support a finding that Defendants' conduct was akin to criminal recklessness. Indeed, all the evidence in the record suggests that Defendants and Shelton's other doctors attempted to find a better solution to Shelton's medical problems because Xanax was not seen as an appropriate treatment for him. Defendants' decision to give Shelton step-down doses of Xanax in conjunction with medication to combat withdrawal symptoms in February 2014 was not akin to criminal negligence. Their decision not to give Shelton Xanax in August 2014 – after he had attempted suicide by overdosing on Xanax mixed with alcohol – was not akin to criminal negligence because they provided him with another medication in place of Xanax. Their decision not to give Shelton Xanax in December 2014 – when he had no remaining Xanax tablets despite being only 3 weeks into his prescription, when there were concerns about Xanax dependence, and when there were concerns about alcohol abuse – was also not akin to criminal negligence.

Shelton's treatment was tailored to treating his alcohol abuse, which contributed to the crime resulting in his incarceration. Shelton has failed to create a genuine issue of material fact with respect to the subjective component of his Eighth Amendment claim. As such, Shelton's objections will be overruled, and the Magistrate Judge's R&R will be adopted as to the subjective component of deliberate indifference.

### B. Failure to Consider Shelton's Evidence

Shelton appears to object to the R&R on the grounds that he had insufficient opportunity to present evidence or that the Magistrate Judge did not consider evidence he wished to present. (Letter at 1-3.) These objections have no support in the record. Defendants filed their dispositive motion in November 2017. On January 19, 2018, the Magistrate Judge established a briefing schedule requiring Shelton's response to be filed by February 19, 2018. (Text Order, Jan. 19, 2018, Docket No. 49.) Shelton did not file a memorandum or evidence in response to Defendants' motion by the deadline. Nearly two months after the deadline, Shelton filed his prescription records, which are the only evidence he has provided in this case. Shelton has not asked for an extension of time to file more evidence. His letter does not reference any specific evidence that he wishes to present or explain why he has not yet been able to present that evidence. As such, the Court finds that these objections are unfounded and will overrule them.

### CONCLUSION

Because Shelton failed to create a genuine dispute of material fact as to whether Defendants deliberately disregarded his serious medical needs, Defendants are entitled to judgment as a matter of law. The Court will therefore overrule Shelton's objections, adopt the Magistrate Judge's R&R to the extent that it is consistent with this order, and grant Defendants' Motion for Dismissal and/or Summary Judgment.

# ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Court's previous Order Adopting the Report and Recommendation [Docket No. 54] is **VACATED**;

2. Plaintiff's Objections to the Report and Recommendation [Docket No. 55] are **OVERRULED** and the Magistrate Judge's Report and Recommendation [Docket No. 53] is **ADOPTED in part** consistent with this order;

3. Defendants' Motion for Dismissal and/or Summary Judgment [Doc. No. 33] is **GRANTED** as described herein;

4. Claims against unnamed Defendants John Doe, Jane Does #1–2, and Various Unknown Corrections Officers, Doctors, and Nurses are **DISMISSED without prejudice**; and

5. Claims against the remaining Defendants are **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  August 10, 2018  
at Minneapolis, Minnesota.

      s/John R. Tunheim      
JOHN R. TUNHEIM  
Chief Judge  
United States District Court